IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2192-FL

| | | |
|---|---|---|
| STANLEY EARL WINSTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FEDERAL BUREAU OF PRISONS; D. | ) | |
| CARTER; R. FAUCETTE; P. COLLINS; | ) | |
| B. BROOKS; AND C. STANCIL, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on (1) petitioner's motions to prevent transfer (DE ## 5, 7); (2) respondent's motion to dismiss or, in the alternative, motion for summary judgment (DE # 12);[1] (3) petitioner's motion for discovery (DE # 15); and (4) petitioner's motions to amend and to appoint counsel (DE ## 16, 18). The issues raised in these motions are ripe for adjudication.

## STATEMENT OF THE CASE

On August 30, 2010, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241. Petitioner was incarcerated at the Low Security Correctional Institution in Butner, North Carolina ("Butner-Low") at the time he filed this action. Petitioner alleges that the Bureau of Prisons ("BOP") violated his rights pursuant to the Eighth Amendment to the United States Constitution by improperly finding that he committed a prohibited act on July 7, 2010; unjustly housing him in the Special Housing Unit ("SHU") while pending an investigation and a disciplinary hearing; delaying

---

[1] Because respondents attached matters that are outside of the scope of the pleadings, the motion to dismiss will be treated as a motion for summary judgment pursuant to Rule 56.

his Unit Disciplinary Hearing by one day; and harassing him by filing a false incident report against him. As relief, petitioner requests that the court order that he be transferred to the Federal Medical Center in Butner, North Carolina ("Butner-FMC").

On February 8, 2011, petitioner filed a motion requesting that the court issue an order preventing him from being transferred to the Federal Correctional Institution Medium II in Victorville, California ("Victorville"). Petitioner then moved the court to stay the proceedings pending his transfer. On March 24, 2011, before the court could address his motion, petitioner was transferred to Victorville.

Petitioner filed two motions to amend his petition to add the following claims: (1) that the BOP failed to transfer his property when petitioner was transferred to Victorville in violation of the Eighth Amendment to the United States Constitution; (2) that the BOP acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution when prison officials transferred him despite the fact that he was not medically cleared to be transferred; and (3) that his transfer interfered with his right to access to courts in violation of the First and Fourteenth Amendments to the United States Constitution.

Respondent filed its motion for summary judgment on April 15, 2011, arguing that petitioner's claims are not appropriate for redress through the instant habeas petition. Alternatively, respondent argues petitioner failed to exhaust his administrative remedies prior to filing this action. Petitioner responded to respondent's motion for summary judgment and asserts respondent mistakenly represented that petitioner failed to file any administrative remedies regarding the claims he raised in his petition and that the government violated his rights during his criminal trial. Petitioner also filed a motion for discovery, and two motions to appoint counsel.

2

Case 5:10-hc-02192-FL   Document 25   Filed 08/18/11   Page 2 of 8

## DISCUSSION

A.  Motion to Amend

Petitioner filed two motions to amend his petition to include new allegations arising out of his transfer to Victorville. The court liberally grants motions to amend when justice so requires. See Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). No prejudice or unjust delay has been shown, and petitioner's motions to amend are GRANTED. The court will consider petitioner's amended claims along with the claims currently pending before the court.

B.  Motions to Enjoin Petitioner's Transfer

Petitioner filed two motions in which he seeks an order from the court enjoining the BOP from transferring him to Victorville. However, petitioner's transfer to Victorville now is complete. A request for an injunction to prohibit an act is rendered moot by the happening of the act. Railway Labor Executives Ass'n v. Chesapeake Western Ry., 915 F.2d 116, 118 (4th Cir. 1990). Because petitioner seeks to enjoin an act that already has occurred, his motions for injunctive relief is DENIED.

C.  Motion to Compel

Petitioner moves this court to compel respondent to provide him with various discovery materials. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Instead, discovery may be permitted "for good cause." Rule 6(a) of the Rules Governing § 2254 Cases ; see McCain v. Garrity, No. 3:02CV435, 2002 WL 32362032, at *1 (E.D. Va. July 16, 2002) (applying Rules Governing § 2254 petitions to § 2241 petitions), aff'd, 53 F. App'x 275 (4th Cir. 2002). "A party requesting discovery must provide reasons for the request." Rule 6(b). In this case, petitioner

has not established good cause for discovery or provided any reasons why such discovery is needed. Therefore, petitioner's motion for discovery is DENIED.

D.  Motions to Appoint Counsel

There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motions are DENIED.

E.  Motion for Summary Judgment

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

Petitioner asserts several claims challenging the validity of his July 7, 2010 disciplinary conviction. The Due Process Clause of the Fourteenth Amendment to the United States Constitution mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with

4

deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id.

Here, petitioner alleges that his disciplinary conviction resulted in the loss of commissary privileges and the loss of his prison job for one hundred eighty (180) days. (Cox Aff. 6.) Petitioner also alleges that he received thirty-eight (38) days in the SHU. Petitioner, however, does not allege, nor does the evidence in the record reflect, that he lost any good-time credit. Based upon the foregoing, petitioner does not present a genuine issue of material fact as to whether he was denied a constitutional right. Thus, respondent is entitled to summary judgment for this claim.

Petitioner also alleges an Eighth Amendment claim regarding his medical care, a First and Fourteenth Amendment claim regarding access to courts, and that he was deprived his property when he was transferred to Victorville. Respondent argues that these conditions-of-confinement claims are not cognizable in a petition for writ of habeas corpus because petitioner is not challenging the execution of his sentence.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement. Id. at 500. Thus, a prisoner may not use 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek release from unconstitutional confinement. See id. On the other hand, when an inmate challenges his conditions of confinement, whether the inmate seeks monetary or injunctive relief, the inmate may bring his claim pursuant to either 42 U.S.C.

§ 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser, 411 U.S. at 494, 498-99; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). Because petitioner is challenging the conditions of his confinement, his Bivens claims are not appropriate under 28 U.S.C. § 2241. See Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005) (holding that a claim for deliberate indifference to a prisoner's medical needs was not cognizable under § 2241 as release from custody was not an available remedy); Lee v. Winston, 717 F.2d 888 (4th Cir. 1983) (concluding that an inmate's claim unrelated to the legality of his confinement, which sought to enjoin a state from removing a bullet from the inmate, was cognizable under 42 U.S.C. § 1983, but not under 28 U.S.C. § 2254.); see also Yagman v. Johns, No. 5:08-HC-2103-D (E.D.N.C. Feb. 12, 2009), aff'd, 328 F. App'x 280 (4th Cir. 2009).

The court has reviewed the petition and finds it inappropriate to convert petitioner's § 2241 petition into a Bivens action. First, a § 2241 action solely is against the warden, whereas there likely would be additional defendants in a Bivens action concerning prison conditions. See, e.g., Glaus, 408 F.3d at 389. Second, conversion is inappropriate because the requirements of the Prison Litigation Reform Act apply to Bivens actions, but do not apply to § 2241 actions.[2] See, e.g., Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007); Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th

---

[2] Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The court notes that the evidence in the record suggests that petitioner did not exhaust his administrative remedies prior to filing this action. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003).

Cir. 1997). For these reasons, the court finds that converting petitioner's § 2241 petition into a Bivens action is not warranted. Therefore, this claim is dismissed without prejudice.

Finally, in his response to respondent's motion for summary judgment, petitioner challenges the validity of his federal criminal conviction. In particular, petitioner alleges that a Federal Bureau of Investigation agent assigned to this case presented false evidence to demonstrate that petitioner was the owner of the car that was used in two bank robberies. Petitioner states that the government never provided him with the evidence to demonstrate that he owned the car. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

Petitioner has not alleged facts that satisfy any of the elements of the Jones test because he is not alleging that the substantive law changed such that his conduct no longer is deemed criminal. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

7

If this petition were brought under 28 U.S.C. § 2255, this court would not have jurisdiction to hear petitioner's claim because he previously filed a motion to vacate his sentence pursuant to § 2255, which was denied on May 30, 1991. See United States v. Winston, No. 1:89-cr-107-HLM-1 (N.D. Ga. July 10, 1996); see also Winston v. Johns, No. 5:10-HC-2028-D (E.D.N.C. Feb. 4, 2011). For these reasons, this court shall not convert the matter into a § 2255 petition.

## CONCLUSION

For the foregoing reasons, petitioner's motions to amend (DE ## 16, 18) are GRANTED. Petitioner's motions to prevent transfer (DE ## 5, 7) are DENIED as moot. Petitioner's motion for discovery (DE # 15) and motions to appoint counsel (DE ## 16, 18) are DENIED. Respondent's motion for summary judgment (DE # 12) is GRANTED.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge